IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RES ENVIRONMENTAL SERVICES, INC., )
et al., )
)
Plaintiffs, )
)
v. ) No. 06 C 2649
)
ADAM SULIK, et al., )
)
Defendants. )
)

MEMORANDUM OPINION AND ORDER

Because the Complaint in this action, which set out five state law counts that sought to piggyback onto a civil RICO[1] count to confer federal subject matter jurisdiction, did not adequately address the required elements of that RICO claim, this Court issued its May 12, 2006 memorandum order ("May 12 Order") requiring the filing of a RICO case statement by May 22.[2] Although plaintiffs' counsel have beaten that timetable by tendering a document captioned "RICO Case Statement" on May 17, they inexplicably did so by ignoring the roadmap clearly marked out in the Standing Order--and as will be shown here, the combination of elements that were and elements that were not addressed in that Case Statement spell doom for the Count I RICO claim.

---

[1] All citations to RICO will simply read "Section--," eliminating any need for repeated references to Title 18.

[2] As the May 12 Order acknowledged, that case statement--one rarely required by this Court--was taken from the RICO Case Standing Order ("Standing Order") designed by Judge Alvin Krenzler of the District Court for the Northern District of Ohio.

What plaintiffs' submission <u>does</u> address is the identification of the claimed RICO "enterprise" (the question posed by Standing Order ¶6.a and answered this way in Case Statement ¶4):

> Sweirowski, Sulik's step-son, Hil and Bozhahora, all employees of RES and RESQ, along with Sulik and Sulik's wife, Sulik-Tondos, entered into an enterprise with schemes to defraud RES and RESQ. These schemes were active from approximately 1999 through 2003, when discovered by Stewart.

But having done that, plaintiffs' counsel did not go on to answer the rest of the questions in Standing Order ¶6 or the related questions in Standing Order ¶¶7-12. And this Court's analysis of the unanswered questions in light of the acknowledged "enterprise" torpedoes the purported civil RICO claim (unfortunately a common fate for the clients of counsel who may be intimately familiar with fraud claims generally but apparently lack the same understanding of civil RICO jurisprudence).

In the early formative days of civil RICO, this Court was called upon to issue a substantial number of opinions dealing with various of its arcane terms, in the course of which it fell to this Court's lot to sail some uncharted waters. One aspect of those pioneering efforts has particular relevance here: This Court's opinion in <u>Parnes v. Heinold Commodities, Inc.</u>, 548 F.Supp. 20, 23-24 (N.D. Ill. 1982) was the first case to hold that the "person" who violated RICO's criminal provisions, so as to be held liable in civil RICO terms, had to be distinct from

the "enterprise" that was made a key player in the RICO statute.[3] Then our Court of Appeals was gracious enough to adopt that view in Haroco v. Am. Nat'l Bank & Trust Co., 747 F.2d 384, 400 (7th Cir. 1984):

> Similarly, Judge Shadur concluded in Parnes v. Heinold Commodities, Inc., 548 F.Supp. 20, 23-24 (N.D. Ill. 1982), that section 1962(c) contemplates a separate "person" and "enterprise" because the enterprise may very well be the victim of the racketeering activity.
>
> We are persuaded by the Fourth Circuit in Computer Sciences and by Judge Shadur in Parnes that section 1962(c) requires separate entities as the liable person and the enterprise which has its affairs conducted through a pattern of racketeering activity.
>
> \*     \*     \*
>
> If Congress had meant to permit the same entity to be the liable person and the enterprise under section 1962(c), it would have required only a simple change in language to make that intention crystal clear.[4]

That distinction has a powerful impact in separating a civil RICO claim based on fraud from conventional fraud jurisprudence under state law. Section 1964(c) provides a civil remedy for "[a]ny person injured in his business or property by reason of a violation of section 1962...." In turn, Section 1962 defines four different kinds of such violations (really three, because

---

[3] Before Parnes only one Court of Appeals (the Fourth Circuit) had arrived at the same conclusion, but that decision had been reached in dealing with a criminal RICO prosecution.

[4] [Footnote by this Court] Thereafter the Supreme Court's affirmance of Haroco (473 U.S. 606 (1985)) became one of the key opinions in the civil RICO canon.

3

the conspiracy provisions of Section 1962(d) kick in only in terms of a violation of Section 1962(a), (b) or (c)). And because it is obvious that neither Section 1962(a) nor Section 1962(b) is implicated here, the analysis must focus on the same Section 1962(c) that was at issue in Parnes and Haroco.

Here, with the critical terms "person" and "enterprise" underscored for emphasis in light of the foregoing, is Section 1962(c):

> It shall be unlawful for any <u>person</u> employed by or associated with any <u>enterprise</u> engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

What the earlier-quoted paragraph from plaintiffs' RICO Case Statement discloses is that the principal civil-RICO-violative "persons"--Adam Sulik, Marcin Sweirzowski,[5] Andre Hil, Pavlo Bozhahora and Halina Sulik-Tondos--are identical to the group that make up the "enterprise" as defined by plaintiffs' counsel. And even before Haroco the Supreme Court had taught in United States v. Turkette, 452 U.S. 576, 583 (1981):

> The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. §1961(1)(1976 ed., Supp. III). The former is

---

[5] This is Adam Sulik's son-in-law, whose name was inadvertently misspelled "Sweirowski" in the RICO Case Statement.

4

proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages.

By contrast, in this case the "enterprise" defined by plaintiffs' counsel--the named group of individuals--had no existence as an entity separate and apart from the asserted pattern of racketeering activity in which they allegedly engaged. And as stated earlier, that is fatal to a civil RICO claim.

In sum, the requirements of the Standing Order have proved their value in this case. Even though plaintiffs' counsel did not at all adhere to its straightforward requirements, they said enough to take Complaint Count I (the civil RICO count) out of play. That count is accordingly dismissed, and because what then remains of the Complaint lacks any federal anchor to permit it to remain in this District Court, all of those other counts are dismissed as well (though obviously without prejudice to their potential assertion in a state court of competent jurisdiction). This action is thus dismissed in its entirety.

_/s/ Milton I. Shadur_
Milton I. Shadur
Date: May 18, 2006    Senior United States District Judge